United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

No. 05-30843

(Summary Calendar)

FRANK D STEWART,

Plaintiff - Appellant,

versus

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 2:04-CV-01724

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Frank Stewart, recipient of supplemental social security income, appeals the district court's

entry of judgment against the Commissioner in the amount of $2,731.20. In his appeal from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Social Security Administration, Stewart sought a judgment ordering the Commissioner to reissue several benefit checks that he claimed he had not cashed. He also sought review of the Commissioner's decision to deduct $43 a month from his benefits for Medicare premiums.

Stewart argues that the district court erred in holding that his claim that the Commissioner erroneously deducted $43 a month from his benefits to cover his Medicare premiums was not administratively exhausted. Stewart argues that he made an oral request to the Commissioner that this amount not be deducted. However, he fails to cite any evidence in the record that this claim was presented to the Administrative Law Judge ("ALJ") or the Appeals Council. He therefore has not met his burden of establishing exhaustion.

Stewart next contends that the district court erroneously offset the judgment against the Commissioner by $1,153.80, which is the amount of an alleged overpayment Stewart received. Stewart argues that the issue of an offset was not pled or raised by the Commissioner in the district court. Nor does either party or the district court direct our attention to a valid administrative finding of an overpayment. The district court relied on the ALJ's finding that an overpayment had been made, but the Appeals Council vacated this finding in part because a motion for reconsideration was pending before the Commissioner on the issue. Accordingly, we remand this case to the district court to ascertain whether there was or is now a proper administrative finding of an overpayment and if so, to resolve the issue of an overpayment.

The motions to strike the appellee's brief and hear the case on the appellant's brief and record excerpts alone are DENIED. The judgment of the district court is AFFIRMED in part, REVERSED in part, and the case REMANDED to the district court for further proceedings.